**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Stephen J. ALEXANDER, Defendant—**
**Appellant.**

No. 05–50618.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2006.*

Filed March 9, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Angela Davis, AUSA, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Stephen J. Alexander appeals his jury conviction for willful subscription to a false tax return, in violation of 26 U.S.C. § 7206(1). We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

### I

■ There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the record for sufficiency of the evidence, we must view the evidence and inferences to be drawn from it in the light most favorable to the government. *Id.*

Alexander claims the government presented insufficient evidence that the omission of a $200,000 commission from his 1997 tax return was willful. However, there was sufficient evidence from which the jury could infer intent. Alexander was sophisticated in tax matters, having earned a law degree and a Masters in Business Administration. He was not only licensed to practice law, but was also licensed as a real estate broker. The tax return was relatively uncomplicated, and the unreported commission was far in excess of his normal annual income. Alexander told an IRS agent that he considered the commission to be income. From these facts, among others, a rational jury could have drawn the conclusion that Alexander was aware of the omission of the income on his tax return and therefore knowingly and deliberately subscribed to a false tax return.

### II

■ The district court did not abuse its discretion by excluding testimony of Alexander's tax preparer. Alexander was not precluded from calling the tax preparer to testify, and the district court only excluded testimony related to a hearsay statement made by Alexander to his tax preparer and relayed to an Internal Revenue Service agent. That statement did not qualify under the state of mind exception to the hearsay doctrine pursuant to Rule 803(3) of the Federal Rules of Evidence, and was inadmissible. Fed.R.Evid. 802.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.